UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DELORES LOOPER on behalf of the ESTATE OF JOSEPH LOOPER, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM BARR, et al., <br><br> Defendants. | CAUSE NO.: 1:19-CV-197-HAB-SLC |

**OPINION AND ORDER**

Delores Looper, proceeding without the benefit of counsel, has filed a Complaint on behalf of the Estate of Joseph Looper. She has named four defendants: United States Attorney General William Barr, Acting Director of the Bureau of Prisons Hugh Hurwitz, Superintendent of FCI Beaumont, and Carroll Ellis Haynes. Looper also filed a motion for leave to proceed in forma pauperis (IFP). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757.

Furthermore, a court must dismiss a case at any time if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. §

1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, the Complaint falls short of what is required to state a claim. In the Complaint, Looper alleges only the following:

> The defendants committed a Breach of Duty and negligence in their actions that allowed Carroll Ellis Haynes provided the access to murder and kill Joseph Looper violating his civil rights pursuant to the murder charge of Carroll Ellis Haynes pursuant to U.S.C. Sections 1111, 3591 and 3592. The said offense was especially heinous, cruel and unwarranted. The cruel killing was committed under the supervision and protection of defendants.

But, it is unclear from the Complaint how Attorney General Barr, BOP Director Hurwitz, or the Superintendent of FCI Beaumont were personally involved in causing Joseph Looper's death. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is no general

2

respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

What this means is that Delores Looper must provide facts explaining what each of these defendants personally did or did not do that caused Joseph Looper's death. It is not enough to merely allege that a defendant was a supervisor or in command. Furthermore, while the Complaint alleges that Carroll Ellis Haynes murdered Joseph Looper, it provides no details regarding when, where, or how the murder took place.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Complaint Delores Looper filed on behalf of the Estate of Joseph Looper does not contain sufficient factual allegations to state a claim.

Although the Estate of Joseph Looper cannot proceed on this Complaint, the personal representative of the estate may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Civil Complaint (INND Rev. 8/16) – may be obtained on the court website at https://www.innd.uscourts.gov/sites/innd/files/CvCmplt.pdf. If an amended complaint is filed, the cause number of this case, which is on the first page of this Order, should be placed on the complaint form. As the instructions on the court's complaint form explain, the amended complaint must contain a short and plain statement saying

3

what each defendant did wrong. The amended complaint should explain when, where, why, and how each defendant violated Joseph Looper's rights. It should include every fact necessary to explain this case and describe the injuries or damages. The complaint should use each defendant's name every time the complaint refers to that defendant. Additionally, Delores Looper needs to indicate in the amended complaint if she is the personal representative of Joseph Looper's estate.

For these reasons, the Court:

(1) GRANTS the Estate of Joseph Looper until **June 21, 2019**, to file an amended complaint; and

(2) CAUTIONS the Estate of Joseph Looper that, if there is not a response by this deadline, the case will be dismissed without further notice.

SO ORDERED on May 22, 2019.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT